IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–00630–RMR–MDB

MICHAEL PAUL CASTRILLO,

    Plaintiff,

v.

WYNDHAM HOTEL & RESORTS,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

    This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint." (["Motion"], Doc. No. 19.) No response has been filed to the Motion, and the time to do so has lapsed. The Motion has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, for a recommendation regarding disposition. (Doc. No. 20.) The Court has reviewed the Motion, the case file, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED**, and that this case be **DISMISSED**.

## SUMMARY FOR *PRO SE* PLAINTIFF

    The Court is recommending that your case be dismissed. Specifically, under the Colorado Private Enterprise Employee Act, you must allege sufficient facts to show Wyndham Hotel & Resorts is a private enterprise under contract with a state agency, but your complaint does not

allege these facts. Additionally, your complaint does not allege sufficient facts regarding the specific nature of your claims (*i.e.,* the "who, what, when, where, why"). However, the Court is recommending that your case be dismissed without prejudice. This means the Court believes you should be given an opportunity to amend your complaint, should you so choose. This is only a summary of the Court's Recommendation to the presiding judge. The complete Recommendation is set forth below, including information about your right to object to this Recommendation within a set period of time.

## STATEMENT OF THE CASE

*Pro se* Plaintiff Michael Paul Castrillo ["Mr. Castrillo"] brings this lawsuit against his former employer, Defendant Wyndham Hotels & Resorts ["Wyndham"], asserting violations of the Colorado Private Enterprise Employee Protection Act ["CPEEPA"], Colo. Rev. Stat. §§ 24-114-101 *et seq.*, as well as the Colorado Anti-Discrimination Act ["CADA"], Colo. Rev. Stat. §§ 24-34-402 *et. seq.*. (Doc. No. 3.) Mr. Castrillo claims to hold "status in a protected class." (*Id.* at ¶ 11.) He alleges that he worked for Cheyenne Mountain Resorts, as a bartender, for approximately six years, "the last three of which were managed by Wyndham Corporation." (*Id.* at ¶ 5.) Mr. Castrillo claims that, during his employment, he "observed and documented numerous violations of the liquor laws of the State of Colorado," as well as "a variety of health and safety violations that were in violation of the laws of the State of Colorado." (*Id.* at ¶¶ 6, 8.) He alleges that he "made numerous documented complaints" regarding the liquor law violations, but was told by an unspecified person "that if he didn't want to participate in this unlawful activity then he could take a pay cut and stop bartending." (*Id.* at ¶ 7.) He claims that he also

"made numerous documented complaints" regarding the health and safety violations. He alleges that those complaints were all "dismissed by Wyndham." (*Id.* at ¶ 9.)

In this lawsuit, Mr. Castrillo also alleges that, at some point during his employment, he "was informed and observed that longtime employees of the resort were being targeted by Wyndham for termination because of their status in a protected class, with Wyndham hiring young white workers to replace them." (*Id.* at ¶ 11.) Mr. Castrillo alleges that, even though he "opposed this unlawful discrimination in writing at every instance," Wyndham's "efforts" still "continued." (*Id.*) Mr. Castrillo further alleges that, "over the course of nearly two-years," he was "repeatedly, daily harassed . . . for his status in a protected class[]." (*Id.* at 12.) He alleges that his pre-assigned work shifts were "taken from him" without reason, and he complains that "a violent employee hostile to his person was allowed to rampage through the resort at will." (*Id.*) Mr. Castrillo alleges that, even though he "made numerous documented complaints," Wyndham "refused to act to stop the documented harassment[.]" (*Id.*) Mr. Castrillo alleges that Wyndham's failure to take appropriate action "le[d] to a wide variety of bad outcomes for [him], including a stress-induced injury," as well as "the placement of a cardiac stent." (*Id.*) Mr. Castrillo alleges that Wyndham initially "targeted" his "status as a full-time worker," and later "targeted his pandemic unemployment." (*Id.* at ¶ 13.) Mr. Castrillo claims that he was ultimately "laid-off on the 22nd of December, with Wyndham soon thereafter advertising for a new worker for the position they had just terminated him from." (*Id.*)

According to the Complaint, following these events, Mr. Castrillo filed a timely charge of discrimination with the Colorado Civil Rights Division ["CCRD"]. (*Id.* at ¶ 14.) Mr. Castrillo alleges that the CCRD "found grounds for his complaints," and then "transferred jurisdiction" to

3

the Equal Opportunity Commission ["EEOC"] for "time-related jurisdictional reasons." (*Id.*) After receiving notice of his right to sue from the EEOC, on October 29, 2021, Mr. Castrillo commenced this action against Wyndham, in Colorado state court, asserting a claim for "whistleblower retaliation" under the CPEEPA statute, as well as CADA claims for "discrimination against his person, opposing unlawful discrimination towards other staff-members, and repeated instances of retaliation including termination." (*Id.* at ¶¶ 16-17.) As relief, Mr. Castrillo requests unspecified monetary damages, prejudgment and post-judgment interest, and any other relief the Court deems just and proper. (*Id.* at 4.)

After removing the case to federal court, on July 25, 2022, Wyndham filed the present Motion, asking the Court to dismiss Plaintiff's claims, in their entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 19; *see* Doc. No. 1.) In the Motion, Wyndham argues, specifically, that Plaintiff's Complaint "is wholly deficient of factual support for his claims." (Doc. No. 19 at 1.)

## STANDARDS OF REVIEW

### I.  *Pro Se* Plaintiff

Plaintiff is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court

4

may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating that the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the

plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

That being said, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court typically may not look beyond the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting Fed. R. Civ. P. 12(d)) (alterations omitted).

"Pleadings," for purposes of a Rule 12(b)(6) motion to dismiss, include attachments to the complaint, documents incorporated into the complaint by reference, and information subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

## ANALYSIS

### I. The Whistleblower Retaliation Claim

Mr. Castrillo first alleges a CPEEPA claim for "Whistleblower Retaliation." (Doc. No. 3 at ¶ 16.) The CPEEPA statute provides, in relevant part, that "no appointing authority or supervisor of a private enterprise under contract with a state agency shall initiate or administer any disciplinary action against any employee on account of the employee's disclosure of information concerning said private enterprise." Colo. Rev. Stat. § 24-114-102. The statute defines "employee" to mean "any person employed by a private enterprise under contract with a state agency." *Id.* § 24-114-101(3). To state a claim under the CPEEPA statute, therefore, Mr. Castrillo must show, among other things, that Wyndham is "a private enterprise under contract with a state agency." *See Kee v. Town of Mountain Village*, No. 19-cv-01746-NYW, 2019 WL 6769858, at *5 (D. Colo. Dec. 11, 2019) ("[T]he plain language of Colo. Rev. Stat. § 24-114-102 limits the statute's protections to a private enterprise employee.").

In this case, Mr. Castrillo has failed to allege any facts from which to infer that Wyndham is "a private enterprise under contract with a state agency." As such, Mr. Castrillo has not shown that Wyndham is an entity that is covered by the CPEEPA statute, and his first claim fails for that reason alone. However, even more fundamentally, Mr. Castrillo has failed to allege

sufficient contextual facts to satisfy the minimum pleading standard to state a claim for relief. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, to the extent that Mr. Castrillo alleges that he "made numerous documented complaints" regarding violations of state law, he provides no details concerning the substance of his complaints, to whom he made them, or when he made them. (Doc. No. 3 at ¶¶ 6-9); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (noting that courts are particularly "critical" of complaints that "mention[] no specific time, place or person involved"). He alleges that some of his complaints were "dismissed by Wyndham," though he does not offer explanation as to what actually happened, when it happened, or who was involved. (*Id.* at ¶ 9.) He alleges that he was told he "could take a pay cut and stop bartending" if he "didn't want to participate in this unlawful activity," but he does not allege who told him this, when it happened, or how he responded. Without such additional facts, Mr. Castrillo has failed to allege a plausible claim for relief. *See Khalik*, 671 F.3d at 1193-94 (affirming the dismissal of an employment discrimination complaint that omitted basic details and provided no context for the claims); *Hall*, 935 F.2d at 1110 (holding that a *pro se* litigant's conclusory allegations without sufficient factual averment fail to state a claim for relief). Accordingly, Plaintiff's first claim should be dismissed without prejudice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice.").

**II.     Plaintiff's Second Claim**

In his second cause of action, Mr. Castrillo alleges CADA claims for "discrimination against his person, opposing unlawful discrimination towards other staff-members, and repeated instances of retaliation including termination." (Doc. No. 3 4 ¶ 17.) Under CADA, it is unlawful for an employer to discharge, harass, or otherwise discriminate against an employee because of that employee's "handicap, race, creed, color, sex, age, national origin, or ancestry[.]" Colo. Rev. Stat. § 24-34-402(1)(a). In addition, pursuant to § 24-34-402(1)(e)(IV), it is unlawful for an employer to retaliate against an employee for opposing unlawful discrimination.

The required elements of a CADA discrimination claim are: "(1) the employee belongs to a protected class; (2) the employee was qualified; (3) despite being qualified, the employee suffered adverse employment action; and (4) the circumstances give rise to an inference of discrimination based on membership in a protected class." *Williams v. Dep't of Pub. Safety*, 369 P.3d 760, 771 (Colo. App. 2015) (citing *St. Croix v. Univ. of Colo. Health Sci. Ctr.*, 166 P.3d 230, 236 (Colo. App. 2007); *Colo. Civil Rights Comm'n v. Big O Tires, Inc.*, 940 P.2d 397, 400 (Colo. 1997)).

The required elements of a CADA retaliation claim are: (1) engagement in a protected activity; (2) an adverse employment action; and (3) sufficient causal connection between the protected activity and the adverse action. *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1215, 1219 n.11 (10th Cir. 2010); *see Agassounon v. Jeppesen Sanderson, Inc.*, 688 F. App'x 507, 509 (10th Cir. 2017) ("CADA discrimination and retaliation claims are subject to the same legal standards as Title VII claims.").

Here, the Court finds that Mr. Castrillo's second cause of action fails for the same reason as his first. As support for his CADA claims,[1] Mr. Castrillo alleges that he was "targeted" and "harassed" at work on a "daily" basis for nearly two years because of his "status in a protected class." (Doc. No. 3 at ¶ 12.) However, Mr. Castrillo provides no details concerning who did this, when it happened, or even what happened. Mr. Castrillo goes on to allege that his bartending shifts were "taken from him," and he complains that "a violent employee hostile to his person was allowed to rampage through the resort at will." (*Id.*) However, Mr. Castrillo does not allege who did these things, when they happened, or how they relate to his "status in a protected class." Mr. Castrillo claims that he "made numerous documented complaints" to Wyndham regarding workplace harassment, but he does not provide any context as to when he made those complaints, to whom he made them, or what the response was. (*Id.*) He alleges that he was ultimately "laid-off" from his job, though he does not plead any facts relating to the circumstances of his termination. (*Id.* at ¶ 13.) Mr. Castrillo likewise alleges that he "opposed" the "unlawful discrimination" of other "longtime employees of the resort," but he does not offer any details as to the substance of his complaints, to whom he made them, or when he made them. (*Id.* at ¶ 11.) Without additional, nonconclusory facts, Mr. Castrillo cannot proceed on his CADA claims either. *See Khalik*, 671 F.3d at 1193 ("[G]eneral assertions of discrimination and retaliation, without any details whatsoever of events . . . are insufficient to survive a motion to

---

[1] In his Complaint, Mr. Castrillo references "extensive documentary evidence of discrimination," which is "attached herein." (Doc. No. 3 at ¶ 17.) However, the only items attached to the Complaint are a standardized letter from the EEOC advising Mr. Castrillo of his right to sue, and a two-page "Transcript Excerpt," which purports to show Mr. Castrillo "attempting to convince" Wyndham's managers "to follow the liquor laws." (*Id.* at 5-10.) The attachments do not provide factual support for Mr. Castrillo's CADA claims.

10

dismiss[.]"); *see also Kachadoorian v. United Airlines, Inc.*, No. 18-cv-01205-RBJ, 2019 WL 1953399, at *4 (D. Colo. May 2, 2019) (dismissing employment discrimination claims, where the plaintiff alleged insufficient facts concerning his own discrimination or the reasons for his termination). Therefore, Mr. Castrillo's CADA claims should be dismissed without prejudice. *See Gee*, 627 F.3d at 1186.

## CONCLUSION

For the reasons set forth herein, this Court respectfully **RECOMMENDS** that:

(1) The "Defendant's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 19) be **GRANTED**.

(2) This case be **DISMISSED without prejudice**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: February 3, 2023.

BY THE COURT:

_____

Maritza Dominguez Braswell
United States Magistrate Judge